UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00201-FDW-DCK

| RESIDENTIAL FINANCE CORPORATION, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER AND DEFAULT JUDGMENT |
|  | ) |  |
| DANIEL JACOBS and BELVEDERE GROUP, LLC | ) |  |
|  | ) |  |
| Defendants. | ) |  |

THIS MATTER is before the Court on Defendant Daniel Jacobs' ("Defendant's") Motion for Default Judgment (Doc. No. 41). For the reasons set forth below, Defendant's Motion is GRANTED, and Plaintiff Residential Finance Corporation is hereby ORDERED to pay Defendant $335,000.00. Furthermore, the Clerk's Office is respectfully directed to CLOSE THE CASE.

## BACKGROUND

On April 23, 2014, this matter was transferred from the Southern District of Ohio to this Court. Thereafter, Plaintiff repeatedly ignored the Court's orders to associate local counsel and to file a motion *pro hac vice*. As such, on June 4, 2014, the Court issued an order requiring Plaintiff to show cause as to why it failed to retain representation. (Doc. No. 36). When Plaintiff failed to respond to this order, the Court entered an order dismissing Plaintiff's claims without prejudice. (Doc. No. 37). Consequently, only Defendant's Counterclaim against Plaintiff/Counter-Defendant remained, and the Court informed the parties that all deadlines, aside from the deadline for initial disclosures, remained in effect.

1

On January 14, 2015, more than six months after the Court's order dismissing Plaintiff's claims, no additional action had been taken in this case. Therefore, the Court entered a notice informing the parties that a Pretrial Conference would be held on February 3, 2015. (Doc. No. 38). The parties then failed to submit their joint pretrial submissions by the deadline imposed by the Court, and the Court requested an explanation from the parties for their failure to timely file these submissions. Defendant then filed a Motion for Entry of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure ("FRCP") (Doc. No. 39), and the Clerk of Court ("Clerk") entered default against Plaintiff based on Plaintiff's "fail[ure] to appear, plead, or otherwise defend as to Defendant's Counterclaim." (Doc. No. 40). After the Clerk's entry of default, the Court found an error in the basis for Defendant's Motion for Entry of Default. Namely, Defendant's Motion was based on his incorrect assertion that Plaintiff "has failed to Reply to the Counterclaim in the time required under the Federal Rules of Civil Procedure or to seek an extension of time to file a Reply." (Doc. No. 39). Unfortunately for Defendant, the docket clearly shows that Plaintiff filed an Answer to Defendant's Counterclaim on December 12, 2013, prior to the case being transferred to this Court. (Doc. No. 8). Upon being informed of this error, Defendant filed a Motion to Withdraw Default. (Doc. No. 43). However, prior to filing such motion, Defendant filed a Motion for Default Judgment, asserting that "Plaintiff has failed to respond in any fashion to the Court's initial scheduling order or the Court's Order of June 25, 2014, and have [sic] failed to contact Defendant's counsel so as to complete joint pretrial submission that was due on January 27, 2015." (Doc. No. 41, ¶ 6).

Despite Defendant's flawed reasoning in support if its Motion for Entry of Default, the Court found that Entry of Default in this case was appropriate based on Plaintiff's utter disregard

for its responsibility to participate in this action and to comply with the Orders of this Court. (Doc. No. 45). The Court noted that Plaintiff had repeatedly ignored the Court's Orders and Notices and that Plaintiff's Counsel had never appeared before *this* Court and had not associated local counsel or filed a motion *pro hac vice*. Id. Additionally, the Court noted that Plaintiff had not conferred with Defendant regarding pretrial submissions, which were past due to the Court. Id. Accordingly, the Court denied Defendant's Motion to Withdraw Default. Id.

In the Court's Order denying Defendant's Motion to Withdraw Default, the Court put Plaintiff on notice of the Clerk's Entry of Default and on the pending Motion for Default Judgment filed against it in this action. Id. The Court instructed Plaintiff that it must move to set aside the Entry of Default or to contest Defendant's Motion for Default Judgment no later than February 16, 2015. Id. The Court informed Plaintiff that its failure to make such motions would result in the Court entering Default Judgment against Plaintiff on February 17, 2015. Id.

The Court finds that the deadline for Plaintiff to move to set aside the Entry of Default or to contest Defendant's Motion for Default Judgment has passed, and Plaintiff has filed no such motions. In fact, as of the time of entry of this Order, Plaintiff has never appeared before *this* Court.

## LEGAL STANDARD

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend against a claim, and after the Clerk has entered default against such party, the opposing party is entitled to move for default judgment. See Fed. R. Civ. P. 55. While "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover[,]" Ryan v. Homecomings Fin. Network, 253 F.2d 778, 780 (4th Cir.

2001) (quoting <u>Nishimatsu Constr. Co. Ltd. V. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975)) "[a]n allegation … is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b).

## **ANALYSIS**

In the Affidavit of Daniel Jacobs (Doc. No. 41-1), submitted by Defendant in support of its Motion for Default Judgment, Defendant seeks a total of $335,000 plus interest:

1. $310,000 with interest from the date each payment was due, pursuant to the terms of the Supplement to Agreement.

2. $25,000 in liquidated damages pursuant to Paragraph 6(m) of the Supplement to the Agreement with interest from December 6, 2013.

The Court has reviewed the record and found sufficient basis in the pleadings for the entry of default judgment in the amount requested by Defendant in the Affidavit of Daniel Jacobs (Doc. No. 41-1). As such, Defendant's Motion is GRANTED and default judgment is entered against Defendant. Accordingly, Defendant is hereby ORDERED to pay Plaintiff $335,000, plus interest as outlined above.

IT IS THEREFORE ORDERED that Defendant's Motion (Doc. No. 41) is GRANTED. Default judgment is hereby entered against Plaintiff, and Plaintiff is ordered to pay Defendant $335,000, plus the interest outlined in the Affidavit of Daniel Jacobs (Doc. No. 41-1). The Clerk's Office is respectfully requested to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: February 18, 2015

Frank D. Whitney
Chief United States District Judge